UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

TROY ANTHONY LANZETTA        :       CIVIL ACTION NO. 2:13-cv-0432
                                  SECTION P
                           :
VERSUS                          JUDGE MINALDI
                           :
TERRY TERRELL, ET AL        :       MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Before the court is the *pro se* civil rights complaint filed by plaintiff Troy Anthony Lanzetta on February 27, 2013.  Doc. 1.  Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and he is incarcerated at Allen Correctional Center in Kinder, Louisiana.

On October 11, 2013, this court issued a Memorandum Order [doc. 11] instructing plaintiff that his complaint was deficient and ordering him to amend his complaint.  He was given thirty (30) days or until November 11, 2013, to amend his petition.  On November 14, 2013, plaintiff filed a motion for an extension of time to amend his complaint [doc. 12] which this court granted by electronic order dated November 19, 2013, giving plaintiff until January 17, 2014 to amend his complaint.  Doc. 13.  On January 21, 2014, plaintiff filed another motion for extension of time to amend his complaint.  Doc. 14.  On January 22, 2014, the court granted this second motion giving plaintiff until March 14, 2014, to comply with the court order and amend his complaint.  Doc.  15.  The court warned that this would be the final extension granted.  *Id.* To date, plaintiff has not responded to that order.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..."  The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 630.  Plaintiff was directed to amend his complaint to provide additional information and he has failed to comply with the court's order.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

THUS DONE this 2nd day of April, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE